FILED
2017 Apr-11  PM 04:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EMPLOYERS MUTUAL CASUALTY COMPANY**, an insurance company Incorporated in the State of Iowa; | ) ) ) ) |
| Plaintiff, | ) Civil Action No.: 2-17-cv-00441-JEO |
| v. | ) ) ) |
| **JEFF HUFF, HIGHLINE IMPORTS, INC.,** and **RAMI ACHDUT.** | ) ) ) |
| Defendants. | ) ) |

## ANSWER

Comes now the defendant, **Jeff Huff**, and answers the plaintiff's Complaint for Declaratory Judgment filed March 21, 2017, as follows:

1. The defendant admits the allegations in Paragraph One of the Complaint for Declaratory Judgment.

2. The defendant admits the allegations in Paragraph Two of the Complaint for Declaratory Judgment.

3. The defendant admits the allegations in Paragraph Three of the Complaint for Declaratory Judgment.

4. The defendant admits the allegations in Paragraph Four of the Complaint for Declaratory Judgment.

5. The defendant admits the allegations in Paragraph Five of the Complaint for Declaratory Judgment.

6. The defendant admits the allegations in Paragraph Six of the Complaint for Declaratory Judgment.

7. The defendant admits the allegations in Paragraph Seven of the Complaint for Declaratory Judgment.

8. The defendant agrees with the first sentence of Paragraph Eight but is without sufficient information to admit or deny the allegations in the second sentence of Paragraph Eight.

9. The defendant is without sufficient information to admit or deny the allegations in Paragraph Nine of the Complaint.

10. The defendant is without sufficient information to admit or deny the allegations in Paragraph Ten of the Complaint.

11. The defendant admits the allegations in Paragraph 11 of the Complaint for Declaratory Judgment.

12. The defendant denies the allegations in Paragraph 12 of the Complaint to the extent that it refers to the defendants in the underlying lawsuit as a "builder." None of the defendants in the underlying lawsuit is a builder.

13. The defendant admits that he alleged in the underlying lawsuit that he has suffered lost income and other benefits. However, defendant Huff also claims in the underlying lawsuit that the actions and conduct of the defendants in the underlying lawsuit caused him to suffer mental anguish and anxiety.

14. The defendant is without sufficient information to admit or deny the allegations in Paragraph 14.

15. The defendant is without sufficient information to admit or deny the allegations in Paragraph 15.

16. The defendant is without sufficient information to admit or deny the

allegations in Paragraph 16.

17. The defendant is without sufficient information to admit or deny the allegations in Paragraph 17.

18. The defendant is without sufficient information to admit or deny the allegations in Paragraph 18.

19. The defendant is without sufficient information to admit or deny the allegations in Paragraph 19.

20. The defendant is without sufficient information to admit or deny the allegations in Paragraph 20.

21. The defendant is without sufficient information to admit or deny the allegations in Paragraph 21.

22. The defendant is without sufficient information to admit or deny the allegations in Paragraph 22.

23. The defendant is without sufficient information to admit or deny the allegations in Paragraph 23.

24. The defendant is without sufficient information to admit or deny the allegations in Paragraph 24.

25. The defendant is without sufficient information to admit or deny the allegations in Paragraph 25.

26. The defendant is without sufficient information to admit or deny the allegations in Paragraph 26.

27. The defendant is without sufficient information to admit or deny the allegations in Paragraph 27.

28. The defendant is without sufficient information to admit or deny the allegations in Paragraph 28.

29. The defendant is without sufficient information to admit or deny the allegations in Paragraph 29.

30. The defendant is without sufficient information to admit or deny the allegations in Paragraph 30.

31. The defendant is without sufficient information to admit or deny the allegations in Paragraph 31.

32. The defendant is without sufficient information to admit or deny the allegations in Paragraph 32.

33. The defendant is without sufficient information to admit or deny the allegations in Paragraph 33.

34. The defendant is without sufficient information to admit or deny the allegations in Paragraph 34.

35. The defendant is without sufficient information to admit or deny the allegations in Paragraph 35.

36. The defendant is without sufficient information to admit or deny the allegations in Paragraph 36.

37. The defendant is without sufficient information to admit or deny the allegations in Paragraph 37.

38. The defendant is without sufficient information to admit or deny the allegations in Paragraph 38.

39. The defendant is without sufficient information to admit or deny the

allegations in Paragraph 39.

40. The defendant is without sufficient information to admit or deny the allegations in Paragraph 40.

41. The defendant is without sufficient information to admit or deny the allegations in Paragraph 41.

42. The defendant is without sufficient information to admit or deny the allegations in Paragraph 42.

43. The defendant is without sufficient information to admit or deny the allegations in Paragraph 43.

44. The defendant is without sufficient information to admit or deny the allegations in Paragraph 44.

45. The defendant is without sufficient information to admit or deny the allegations in Paragraph 45.

46. The defendant is without sufficient information to admit or deny the allegations in Paragraph 46.

47. The defendant is without sufficient information to admit or deny the allegations in Paragraph 47.

48. The defendant is without sufficient information to admit or deny the allegations in Paragraph 48.

49. The defendant is without sufficient information to admit or deny the allegations in Paragraph 49.

50. The defendant is without sufficient information to admit or deny the allegations in Paragraph 50.

51. The defendant is without sufficient information to admit or deny the allegations in Paragraph 51.

52. The defendant is without sufficient information to admit or deny the allegations in Paragraph 52.

53. The defendant is without sufficient information to admit or deny the allegations in Paragraph 53.

54. The defendant denies the claims in Paragraph 54 of the Complaint.

55. The defendant denies the claims in Paragraph 55 of the Complaint.

56. The defendant denies the claims in Paragraph 56 of the Complaint.

In further answer to the plaintiff's Complaint, the defendant submits the following separate and several defenses:

**FIRST DEFENSE**

The defendant denies each and every claim for relief asserted by Employers Mutual Casualty Company and demands strict proof thereof.

**SECOND DEFENSE**

The defendant avers that the allegations in the plaintiff's Complaint fail to state a claim against him upon which relief can be granted.

**THIRD DEFENSE**

The defendant avers that the plaintiff has a duty and obligation to defend and indemnify Highline Imports, Inc. and/or Rami Achdut for some or all of the claims in the underlying lawsuit including any claim for damages related to mental anguish and anxiety.

/s/ David A. Lee
David A. Lee (ASB-3165-E47D)
Attorney for Defendant Jeff Huff

**OF COUNSEL:**

**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
(205) 326-6600 – Telephone
(205) 324-7097 – Facsimile
dlee@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2017, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record in this case:

James A. Kee. Jr., Esq.
Cynthia A. Martin, Esq.
Kee Law Firm, LLC
P.O. Box 43347
Birmingham, AL 35243

Doug Centeno, Esq.
BENTON & CENTENO, LLP
2019 3rd Avenue North
Birmingham, Alabama 35203

John G. Dana, Esq.
Lindan J. Hill, Esq.
GORDON, DANA & GILMORE, LLC
600 University Park Place, Suite 100
Birmingham, Alabama 35209

Robert M. Girardeau, Esq.
HUIE, FERNAMBUCQ & STEWART, LLP
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223

Daniel J. Newton, Esq.
GAINES GAULT HENDRIX, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama 35243

                                                /s/ David A. Lee
                                                David A. Lee (ASB-3165-E47D)