UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | }<br>}<br>} |
| Plaintiff, | }<br>} Case No.: 2:17-cv-00441-RDP |
| v. | }<br>} |
| JEFF HUFF, MO'S PAINT AND BODY SHOP, INC *f/k/a*, HIGHLINE IMPORTS, INC., and RAMI ACHDUT, | }<br>} |
| Defendants. | |

## MEMORANDUM OF DECISION

### I. Introduction

This action is before the court on Defendant Rami Achdut's ("Defendant" or "Achdut") Motion to Dismiss (Doc. # 10), filed on April 27, 2017. Defendant's motion is fully briefed. (Docs. # 14, 18, 19). For the following reasons, Defendant's Motion to Dismiss (Doc. # 10) is due to be denied.

### II. Background

Plaintiff, an insurance company incorporated in the state of Iowa, brought this action against Defendants, residents of the state of Alabama and an Alabama corporation, by filing its Complaint for Declaratory Judgment on March 21, 2017. (Doc. # 1). On April 10, 2017, Plaintiff filed its Amended Complaint for Declaratory Judgment. (Doc. # 7). Plaintiff's declaratory judgment action requests that the court determine whether it has a duty to defend and indemnify Defendants Achdut and Mo's Paint and Body Shop, Inc. *f/k/a*, Highline Imports ("Highline") in the underlying action *Jeff Huff v. Highline Imports, Inc., et al.* ("Underlying Action") -- Alabama

docket number CV-2015-903124 -- filed on August 12, 2015 in the Circuit Court of Jefferson County. (Doc. # 7 at 2). The Underlying Action alleges breach of contract, deceit, and fraud claims arising from an alleged employment contract. (*Id.*).

Plaintiff contends that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332. "Under § 1332, a district court has jurisdiction over any civil case if (1) the parties are 'citizens of different States' and (2) 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.'" *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000) (citing 28 U.S.C. § 1332). Here, Defendant contests the amount in controversy.

In its Complaint, Plaintiff alleges that the amount in controversy exceeds the sum of $75,000. (Doc. # 7 at 3). While Plaintiff's Amended Complaint does not include an *ad damnum* clause, it alleges the amount in controversy, exclusive of interest and costs, is comprised of salary and benefits owed to defendant Jeff Huff ("Huff"), in addition to the cost of separate defenses for Defendants Achdut and Highline. (*Id.*)

In his motion to dismiss, Defendant contends that the amount in controversy is not met. (Doc. # 10 at 1). Specifically, Achdut argues the amount in controversy stated on the face of the Amended Complaint is conclusory and not supported by a preponderance of the evidence. (*Id.* at 5). Defendant's motion includes exhibits which purport to show that the amount in controversy is less than $75,000. (Doc. # 10-1)

Plaintiff attached an affidavit as an exhibit to its response brief, which details the current budget for the defense of Achdut and Highline and the amount it had paid for the cost of defense as of May 15, 2017 ("Exhibit 1"). (Doc. # 14-1 at 3). Additionally, Plaintiff provided redacted attorney correspondence in which counsel for Huff attested Huff had made a demand in the amount of $175,000 and that he believed "[Huff] will be able to blackboard at least $100,000 in

2

damages" ("Exhibit 2"). (Doc. # 14 at 7, Doc. # 14-1 at 6). Defendant filed an objection to Exhibit 2 on May 18, 2017. (Doc. # 19).

**IV.     Legal Standards For 12(b)(1) Motions**

"The party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *SUA Ins. Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1248 (S.D. Ala. 2010) (citing *Federal Mutial Ins. Co. v. McKinnon Motors, LLC*, 329 F. 3d 805, 807 (11th Cir. 2003)). "A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction." *Southeast Bank, N.A. v. Gold Coats Graphics Grp. Partners*, 149 F.R.D. 681, 683 (S.D. Fla. 1993) (citing *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1991); *Marshall v. Gibson's Prods., Inc. of Plano*, 584 F.2d 668, 671-72 (5th Cir. 1978[1])).

A Rule 12(b)(1) motion may present a facial attack or factual attack. *Willet v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014) (citing *McElmurray v. Consol. Govt. of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2011)). "Facial attacks on the complaint 'require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)) (other citations omitted). On the other hand, "factual attacks" challenge "the existence of subject-matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* In other words, when a party raises a factual attack

---

[1] The Eleventh Circuit recognizes all of the Fifth Circuit decisions rendered prior to the close of business on September 30, 1981, as binding precedent. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

3

to subject-matter jurisdiction, the court is not obligated to take the allegations in the complaint as true, but may consider extrinsic evidence such as affidavits. *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011) (citations omitted). When a court is confronted with a factual attack:

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to [P]laintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Lawrence*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)).

In considering a motion to dismiss, the determination is "context specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## V. Defendant's Motion To Dismiss Is Due To Be Denied

While Defendant's Motion to Dismiss does not specify whether it presents a facial or factual attack on subject-matter jurisdiction, the Motion is due to be denied in either scenario. (See Doc. # 10).

### A. Plaintiff's Complaint Survives a Factual Attack

"[I]n declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the underlying claim." *SUA Ins. Co.*, 751 F. Supp. 2d at 1251, *e.g. Hartford Insurance Group v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (internal quotes omitted); *accord Farmers Insurance Co. v. McClain*, 603 F.2d 821, 823 (10th Cir. 1979); *Toler v. State Farm Mutual Automobile Insurance Co.*, 25 Fed. Appx. 141, 144 (4th Cir. 2001). Additionally, "The pecuniary value of the

4

obligation to defend . . . is properly considered in determining the existence of the jurisdictional amount." *SUA Ins. Co.*, 751 F. Supp. 2d at 1251 (S.D. Ala. 2010) (quoting *Stonewall Insurance Co. v. Lopez,* 544 F.2d 198, 199 (5th Cir. 1976)). Here, Plaintiff seeks declaratory judgment absolving it of its duties to defend *and* indemnify in the underlying suit. Accordingly, the amount in controversy includes the cost of separate defenses for Achdut and Highline and any indemnification arising from the underlying claim.

A challenge to the amount in controversy pleaded in the complaint is generally treated as a facial attack to subject-matter jurisdiction. *Wiggins v. Allstate Prop. & Cas. Ins. Co.*, 2014 WL 11944279, at *1 (S.D. Fla. Apr. 28, 2014) (*citing Rance v. D.R. Horton, Inc.*, 316 Fed. Appx. 860, 862 (11th Cir. 2008)); *see also Lady of Am. Franchise Corp. v. Cunningham*, 2008 WL 11333325, at *2 (S.D. Fla. Nov. 26, 2008) (finding that dispute over the amount in controversy amounted to a facial attack because the court was not required "to weigh an element of Plaintiff's cause of action"). However, courts have nonetheless treated motions to dismiss based on the amount in controversy as factual attacks at times. *Cincinnati Ins. Co. v. Emmons*, 2011 WL 1380023, at *4 (S.D. Ala. Mar. 24, 2011), *report and recommendation adopted*, 2011 WL 1380028 (S.D. Ala. Apr. 12, 2011); *Patent Enf't Team, LLC. v. Eagle Grooving, Inc.*, 2008 WL 11333802, at *3 (S.D. Fla. Apr. 25, 2008).

Here, Defendant supported his Motion with extrinsic evidence purporting to establish the amount in controversy in this action. In response, Plaintiff submitted evidence of its own which purports to establish the value of this action. To be sure, Plaintiff bears the burden of establishing subject matter jurisdiction in an action originally filed in federal court, and is permitted to support its position with extrinsic evidence. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) (addressing a similar issue in the context of removal

proceedings).  Plaintiff has done so here.  Accordingly, the court examines the evidence the parties have provided.

With respect to Plaintiff's damages, the Amended Complaint alleges that the value of the Underlying Action includes: "base salary of $15,000 for the months of February 2014 through June 2014 and 30% commission of internet sales and 10% commission of dealership sales . . . a company car with insurance and a laptop computer."  (Doc. # 7 at ¶ 7).

Defendant relies on *SUA Ins. Co. v. Classic Home Builders, LLC* in support of his argument.  751 F. Supp. 2d 1245.  There, the court determined that "a conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion is insufficient" and, as a result, the list of claimed damages provided by SUA was insufficient to establish the amount in controversy.  *Id.* at 1256 (quoting *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319–20 (11th Cir. 2001)).

However, *SUA* is readily distinguishable from this action.  The claimed damages in *SUA* did not include any dollar amounts and "SUA offer[ed] no evidence of what the amount of these damages is likely to be." *Id.* at 1254. By contrast, Plaintiff's Amended Complaint includes the facts presented in the underlying action and details specific damages, including $15,000 in base salary and commission percentages. (Doc. 7 at ¶ 7).

In further contrast to *SUA*, Plaintiff submitted a copy of a settlement demand in the amount of $175,000 ("Exhibit 2").[2] (Doc. # 14-1), *SUA*, 751 F. Supp. 2d 1245, 1256 (S.D. Ala. 2010). "While a settlement offer, by itself, may not be determinative . . . settlement offers that

---

[2] Defendant objects to the court's consideration of the settlement demand.  (Doc. # 19).  Defendant notes that the demand letter, entered as Exhibit 2 to Plaintiff's Response, has been redacted.  Accordingly, he argues that the redaction creates a misleading impression of letter, in violation of Federal Rule of Evidence 106.  The court will not strike Plaintiff's Exhibit 2, but does note that Exhibit 2 is what it is – a redacted copy of a demand letter.  The court does not construe the exhibit as the entire letter that was sent, or a representation of all of the communication between the parties.  Instead, the court notes that the letter is simply relevant to decision of Defendant's Motion to the extent that it describes the purported value of the claims involved in the underlying action.

provide specific information . . . to support claim for damages suggest the plaintiff is offering a reasonable assessment of the value of [his] claim and are entitled to more weight." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (internal citations and quotations omitted). Though the demand letter here does not outline specific value for some of the items included (*e.g.* laptop computer), this court construes the information as more than mere posturing or speculation, as alleged by Defendant. (Doc. # 18 at 3-5).

Further, with regard to defense costs alleged in *SUA*, the court noted "SUA has submitted no evidence to show how much those defense costs are likely to be; indeed, SUA has not even posited an estimated amount." *SUA*, 751 F. Supp. 2d 1245, 1256 (S.D. Ala. 2010). Here, in its Response to Defendant's Motion to Dismiss, Plaintiff also submitted an affidavit by a claims supervisor for EMC attesting that EMC has "paid $40,009.57 to date for the cost of [Achdut's and Highline's] defenses and that "the current budget for the defense . . . in the Underlying Action is $71,943.00." (Doc. # 17).

While Plaintiff bears the burden of establishing the existence of subject matter jurisdiction, the court is satisfied that it has done so here. Defendant faults Plaintiff for failing to provide an itemization for the cost figures provided in its affidavit. (*See* Doc. # 17-1 at ¶¶ 5-6). However, Plaintiff has provided a sworn affidavit stating that Plaintiff has currently paid $40,009.57 in defense of the underlying action and maintains a current budget of $71,943.00 for defense of Highline Imports, Inc. and Rami Achdut. (*Id.*). Defendant has not pointed to any basis for disputing these amounts, and the court finds no reason to discredit Plaintiff's affidavit simply because it is not itemized. Instead, Plaintiff has provided undisputed evidence that the value of this action, only with respect to its duty to defend, is nearly $72,000.

After review, the court readily concludes that Plaintiff has provided evidence regarding its potential duty to indemnify which would nudge that total over the jurisdictional minimum. While the parties tell different stories -- both in this action and the underlying action -- even if Defendants Achdut and Highline were only obligated to pay Huff a fraction of the $15,000 salary he claims he is owed, that figure (in addition to the defense costs) could exceed the jurisdictional minimum. And Huff has not only alleged that he was not paid his base salary in the underlying action, he has also asserted that Achdut failed to pay him commission or provide him with a company car and laptop computer. Even without a specific breakdown of the value of each of these assertions, judicial experience and commonsense lead the court to conclude that the remaining claims in the underlying complaint (for which Plaintiff would be obligated to indemnify Defendants), coupled with the cost to Plaintiff of defending the action, exceeds $75,000.

**B.   Plaintiff's Complaint Pleads Allegations Which Survive A Facial Attack**

A Rule 12(b)(1) facial attack challenges subject-matter jurisdiction on the grounds that the allegations of the complaint do not and cannot invoke federal jurisdiction. *See Lawrence*, 919 F.2d 1525 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citing *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir.), *cert. denied,* 454 U.S. 897 (1981)). To survive a facial attack, the complaint must include sufficient factual matter that, if accepted as true, is sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 679 (2009). This tenet is "inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements", but "detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (1955).

Here, no reasonable review of Plaintiff's Amended Complaint could produce a finding that it makes a conclusory statement that the amount in controversy exceeds $75,000. Rather, Plaintiff details the potential value of the underlying action, including dollar amounts and percentages owed. (Doc. # 7 at 3). Moreover, Plaintiff has specifically pled the details of its potential liability, describing its potential duty to defend and indemnify the defendants in the underlying action. Assuming Plaintiff's allegations as true, as the court must when faced with a facial attack, Plaintiff has sufficiently pleaded that the amount in controversy exceeds $75,000.

**VI.    Conclusion**

For these reasons, Defendant's Motion To Dismiss (Doc. # 10) is due to be denied. A separate order will be entered.

**DONE** and **ORDERED** this August 22, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE